United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KELLY LUNSFORD, et al.,

Plaintiffs,

v.

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al.,

Defendants.

Case No. 26-cv-00431-EKL

**ORDER REOPENING CASE, GRANTING IFP APPLICATIONS, AND SCREENING COMPLAINT**

Re: Dkt. Nos. 27, 28

Self-represented Plaintiffs Kelly Lunsford and Caroline Mesa filed this case on January 15, 2026. ECF No. 1. Magistrate Judge Nathanael M. Cousins issued several orders identifying deficiencies in the original complaint and the amended complaints. *See* ECF Nos. 6, 9, 12, 19. Judge Cousins provided Plaintiffs guidance and several opportunities to address these deficiencies by filing a second amended complaint. However, after three months passed without Plaintiffs filing a second amended complaint, Judge Cousins recommended dismissing the case without prejudice for failure to prosecute and failure to follow court orders. ECF No. 21. The case was reassigned to this Court. After Plaintiffs failed to timely respond to the order recommending dismissal, the Court adopted the recommendation and dismissed the case without prejudice for failure to prosecute and failure to follow court orders. ECF No. 24.

After the case was closed, each Plaintiff filed an application to proceed *in forma pauperis* ("IFP applications"). ECF Nos. 27, 28. The IFP applications are GRANTED.[1] Plaintiffs also filed an untimely second amended complaint. ECF No. 29 ("SAC"). In the interest of justice, the

[1] Judge Cousins previously granted Mesa's IFP application. ECF No. 9 at 1. Judge Cousins denied Lunsford's IFP application, but the amended IFP application substantially addresses the prior deficiencies. *See* ECF No. 6 at 2 (identifying failure to answer questions 3, 9, and 10).

Court construes the filing of the second amended complaint as a request to reopen the case. That request is GRANTED. However, for the following reasons, the second amended complaint still fails to plausibly allege the Court's subject matter jurisdiction, Plaintiffs' standing, or any claim for relief. Therefore, the second amended complaint is DISMISSED with leave to amend.

Section 1915(e)(2) requires the Court to screen complaints filed by persons proceeding *in forma pauperis*. The Court must identify any cognizable claims, and dismiss claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

First, the complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The presence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question."). Plaintiffs invoke federal question jurisdiction based on criminal statutes that do not create a private right of action that Plaintiffs can bring in federal court. *See* SAC at 3 (citing 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1001 (fraud and false statements)). Plaintiffs do not invoke diversity jurisdiction, and the Court cannot discern any other basis for exercising subject matter jurisdiction over this case.[2]

Second, the complaint must be dismissed for lack of Article III standing. To plausibly allege Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is

---

[2] Plaintiffs appear to cite 18 U.S.C. § 3601, which is an irrelevant provision addressing supervision of probation. SAC at 3. Plaintiffs also cite "USDA section 502," which relates to housing loans. *See* 42 U.S.C. § 1472. But it is unclear whether Plaintiffs have any legal basis for seeking relief under that provision, and Plaintiffs fail to allege a violation by any Defendant.

United States District Court
Northern District of California

concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). It appears that Plaintiffs claim an injury based on denial of housing services and improper eviction. *See* SAC at 6-7. However, as Judge Cousins previously observed, Plaintiffs do not allege how this injury is "traceable to the Defendants." ECF No. 6 at 3; ECF No. 9 at 3; ECF No. 12 at 3-4. Plaintiffs must provide information as to each Defendant's alleged activities and "clarify how those actions caused their injuries." ECF No. 6 at 3.

Third, the complaint must be dismissed for failure to state a claim. Federal Rule of Civil Procedure 8 requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must give "fair notice" and state the elements of the claim "plainly and succinctly." *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted); *see also Gibson v. City of Portland*, 165 F.4th 1265, 1290 (9th Cir. 2026). The complaint must also "identify what action each defendant took that caused plaintiff's harm, without resort to generalized allegations against defendants as a whole." *Sorenson v. County of Lake*, No. 21-cv-09681-TLT, 2023 WL 1934506, at *4 (N.D. Cal. Jan. 13, 2023) (citation modified). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When a complaint alleges fraud, "Rule 9(b) requires that parties state with particularity the circumstances constituting fraud . . . , including the who, what, when, where, and how of the misconduct charged." *Bodenburg v. Apple Inc.*, 146 F.4th 761, 771 (9th Cir. 2025) (citation modified). Although the Court construes *pro se* complaints liberally, *pro se* plaintiffs "must follow the same rules of procedure that govern other litigants," including these pleading requirements. *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. 2014) (citation omitted).

Here, the second amended complaint fails to meet these requirements. The complaint merely lists a series of laws, without separately identifying each claim for relief and the Defendants against which each claim is asserted. *See* SAC at 3, 6-9. Moreover, although Plaintiffs initially identify eight Defendants, SAC at 1-3, only some Defendants are mentioned

again in the statement of facts and the claims, SAC at 4-9. Even with respect to those Defendants, their conduct is lumped together, and the limited allegations do not provide adequate notice of the factual basis of the claims. Finally, Plaintiffs assert that Defendants committed fraud, SAC at 5 (alleging that "so much fraud was committed"), but they fail to state the circumstances constituting fraud with particularity.

In sum, Plaintiffs' second amended complaint must be dismissed for: (1) lack of subject matter jurisdiction; (2) lack of Article III standing; and (3) failure to state a claim. Accordingly, the Court ORDERS as follows:

1. The Court DISMISSES the complaint with leave to amend. Plaintiffs may file a third amended complaint by December 16, 2026. The third amended complaint must be filed as *one* document that contains all claims and relevant allegations. It must clearly identify each claim asserted against each Defendant, the relevant legal theory, and the relief sought. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996). If the third amended complaint is not timely filed, if it fails to cure the deficiencies discussed in this Order, or if it fails to plausibly allege standing and a claim over which this Court may exercise subject matter jurisdiction, the case will be dismissed without further leave to amend.

2. Plaintiffs are advised that the Northern District Court has a guide for *pro se* litigants called Representing Yourself in Federal Court: A Handbook for Pro Se Litigants (https://cand.uscourts.gov/representing-yourself/pro-se-handbook), which provides instructions on how to proceed with a civil case. Plaintiffs can access the guide, and additional resources for *pro se* litigants, on the Northern District Court's website (https://cand.uscourts.gov/representing-yourself).

3. Service by the United States Marshals Service of the complaint or any other papers filed in this action is SUSPENDED until further order of this Court.

**IT IS SO ORDERED.**

Dated: November 16, 2026

EUMI K. LEE
United States District Judge